IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARRIE HOLZGRAFE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 09 C 2310 |
| v. ) | |
| ) | |
| HINSDALE BANK & TRUST COMPANY, ) | HONORABLE DAVID H. COAR |
| an Illinois Corporation, and WINTRUST ) | |
| FINANCIAL CORPORATION, an Illinois ) | |
| Corporation, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Carrie Holzgrafe has filed suit under 28 U.S.C. § 1983, alleging that Hinsbrook Bank & Trust violated her constitutional right to parent. She also alleges wrongful interference with the family relationship and negligence under Illinois common law. Defendants are the successors in interest to Hinsbrook Bank & Trust ("the bank"), and they have moved to dismiss Holzgrafe's amended complaint for failure to state a claim. For the reasons given below, Defendants' motion to dismiss is GRANTED. Counts I (§ 1983) and II (wrongful interference) are dismissed with prejudice. Count III (negligence) is remanded to the 18th Judicial Circuit Court in DuPage County.

**FACTS**

The relevant allegations in the amended complaint, which the court must accept as true for present purposes, are as follows:

Holzgrafe's daughter Martha was born in August 1986 and was a minor during the relevant time period. From 2000 to 2003, Martha suffered regular and repeated sexual abuse by

Bruce Krebs. Krebs was convicted in February 2008 of five counts of sexual assault and one count of aggravated criminal sexual abuse of Martha, and was sentenced to twenty three years in Illinois prison. On or about March 10, 2001, Krebs took Martha, then fourteen years old, to Hinsbrook Bank to open a custodial account for her, which would help him exert inappropriate influence over her. Krebs misrepresented that he was Martha's legal guardian and that Carrie Holzgrafe was incapacitated; in truth, Holzgrafe maintained her own account at the bank in her own capacity and was clearly not an incapacitated person requiring a guardian or conservator.

Without receiving any verification that Krebs was Martha's legal guardian, which he wasn't, the bank allowed Krebs to open Custodial Account No. ****8854, a joint account with right of survivorship. The bank subsequently mailed Krebs a "Minor's Joint Account Agreement," which required Krebs's signature in his capacity as Martha's purported legal guardian. Krebs never executed the agreement. The bank took no further action to require Krebs to verify his guardianship or to explain why it would be incumbent upon him to open a custodial account for a fourteen year old girl with whom he had no legally-recognized custodial relationship.

Defendant Hinsdale Bank & Trust Company is the successor in interest to Hinsbrook Bank & Trust. Wintrust Financial Corporation is a holding company that owns and controls Hinsdale.

## **PROCEDURAL HISTORY AND JURISDICTION**

Holzgrafe originally filed this action *pro se* in the 18th Judicial Circuit Court in DuPage County. Defendants filed a notice of removal on the grounds that Count I of the original complaint ("Violations of Plaintiff's Civil Rights") raised a federal question. Defendants then immediately moved to dismiss for failure to state a claim. This court appointed counsel for

Holzgrafe, who subsequently filed an amended complaint; Defendants once again move to dismiss for failure to state a claim. Because Count I of the amended complaint asserts a cause of action under 28 U.S.C. § 1983, the court ostensibly has federal-question jurisdiction pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over the state-law causes of action asserted in Counts II-III pursuant to 28 U.S.C. § 1367(a).

## LEGAL STANDARD

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), that is, "a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) (*Twombly* applies to "all civil actions"). This requirement imposes two relatively low hurdles. *First*, a complaint "must describe the claim in sufficient detail to give the defendant 'fair notice of what the claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1964). *Second*, the allegations "must plausibly suggest that the defendant has a right to relief, raising that possibility above a 'speculative level.'" *Concentra*, 496 F.3d at 776. If the allegations do not suggest a right to relief—if for instance, a plaintiff relies merely on conclusions, labels, or formulaic recitations of the elements of a cause of action—a Rule 12(b)(6) motion should be granted. *Twombly*, 550 U.S. at 570.

## ANALYSIS

### *Count I: § 1983*

In Count I, Holzgrafe asserts a cause of action under 28 U.S.C. § 1983, alleging that Defendants violated her "fundamental right [under the Fourteenth Amendment] to make

decisions concerning the care, custody and control of her minor child" by allowing Krebs to open a custodial account for Martha. While the substantive contours of this argument are far from clear, the court need not consider them in any detail, since a threshold matter is dispositive: Defendants did not act under color of state law. *See Case v. Milewski*, 327 F.3d 564, 566 (7th Cir. 2003) ("To state a claim under § 1983 a plaintiff must allege . . . [that] the conduct complained of was committed by a person acting under color of state law.") The Seventh Circuit has recognized two circumstances in which defendants may be found to act under color of state law: (1) "when the state has cloaked the defendants in some degree of authority—normally through employment or some other agency relationship;" (2) "when the defendants have conspired or acted in concert with state officials." *Id.* at 567. Neither circumstance obtains here.

Defendants are obviously not a state agency or state actor; nor has Holzgrafe alleged any action taken "in concert" with state officials. The bank was not performing any public function that had been delegated to it by the state. Rather, Holzgrafe argues that the bank was sufficiently "entwined with government policies," or that the government was sufficiently "entwined in [the bank's] management or control," to warrant a finding of state action by (or perhaps through) a private entity. *See Evans v. Newton*, 383 U.S. 296, 299 (1966). Holzgrafe's basis for this conclusion is her assertion that the bank "acted under the color of State and Federal statutes" that regulate the opening of bank accounts generally and joint custodial accounts for minors in particular. (R.30, Opp'n at 5.) Holzgrafe's argument proves far too much; a private commercial entity does not act under color of state law just by dint of being subject to state or federal regulations, even when those regulations are extensive. *See Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 358-59 (1974) ("heavily regulated, privately owned" electric company not a state actor for purposes of Fourteenth Amendment). Count I does not plausibly suggest any right to

relief and must be dismissed.

### *Counts II-III: State-Law Claims*

"When the federal claim in a case drops out before trial, the presumption is that the district judge will relinquish jurisdiction over any supplemental claim to the state courts." *Leister v. Dovetail, Inc.*, 546 F.3d 875, 882 (7th Cir. 2008). When it is "clearly apparent how the state claim is to be decided," however, a district court may retain supplemental jurisdiction. *Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007); *see also* 28 U.S.C. § 1367(c)(3).

It is "clearly apparent" how Count II is to be decided. Furthermore, there appears to be some confusion about the source of law for this claim on Holzgrafe's part. In the amended complaint, Count II is clearly pled as an Illinois common-law claim, but in her brief, Holzgrafe describes the claim as grounded in the Fourteenth Amendment and thus actionable under § 1983. Either way, Count II fails—and to forestall any further confusion or subsequent requests for removal, the court will retain supplemental jurisdiction and dismiss Count II with prejudice.

Count II of the amended complaint asserts a claim for wrongful interference with the family relationship under Illinois common law. Holzgrafe alleges that the bank's actions "injure[d] and destroy[ed] the society and companionship" between her and Martha. (Am. Compl. ¶27 (quoting *Dymek v. Nyquist*, 469 N.E.2d 659, 666 (Ill. App. Ct. 1984).) But in *Vitro v. Mihelcic*, the Illinois Supreme Court held that no claim for loss of society with a child can be maintained under Illinois law absent the death of the child. 806 N.E.2d 632, 640 (Ill. 2004) (affirming *Dralle v. Ruder*, 529 N.E.2d 209 (Ill. 1988)) ("we . . . decline to enlarge the scope of liability to encompass claims for loss of filial society resulting from nonfatal injuries to a child"). Thankfully, Martha is alive, which means that Count II fails as a matter of Illinois law.

In her brief, however, Holzgrafe sometimes describes Count II as a federal claim for loss

of society that is actionable under § 1983. She cites *Hutson v. Bell*, 702 F. Supp. 212, 213 (N.D. Ill. 1988), for the proposition that a § 1983 claim for loss of society with a child is not foreclosed simply because the forum state does not allow recovery under its own law. (R.30, Opp'n at 6-7.) True enough. But the defendant in *Hutson* was a police officer, not a private commercial entity; even if Holzgrafe were permitted to amend her pleading via her brief, the state action required under § 1983 would still be absent, and Count II would still fail to state a claim.

In its order to show cause why this case should not be remanded to state court, this court noted that "the gravamen of [Holzgrafe's] complaint is alleged negligence." (R.11, Minute Order of 4/22/2009.) After amendment, that is still true, and Holzgrafe's negligence claim arises under Illinois law. It therefore belongs in an Illinois court. Accordingly, Count III is remanded to the 18th Judicial Circuit Court in DuPage County, from whence it came.

## **CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss the amended complaint is GRANTED. Counts I and II are dismissed with prejudice. Count III is remanded to the 18th Judicial Circuit Court in DuPage County, Illinois, where this action was originally filed.

**Dated: November 13, 2009**

Enter:

/s/ David H. Coar

_____

David H. Coar

United States District Judge